

Date Signed:
April 1, 2019

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MAUI INDUSTRIAL LOAN & FINANCE COMPANY, INC.<br><br>Debtor. | Case No.: 10-00235<br>Chapter 7<br><br>Re: Docket No. 991 & 995 |

MEMORANDUM DECISION REGARDING THE
TRUSTEE'S FINAL APPLICATION FOR COMPENSATION

I. Introduction.

Maui Industrial Loan and Finance Co., Inc., which did business as Maui Finance Company ("MFC"), was a company that was authorized to make loans but not authorized to accept deposits from the public. Lloyd Kimur1 controlled MFC.

After a state regulator ordered MFC to cease doing business, MFC commenced this bankruptcy case on January 28, 2010. Dane S. Field was appointed as the chapter 7 trustee.

In a federal plea agreement, Mr. Kimura admitted that he operated MFC as a Ponzi scheme for about twenty-three years.[1] He caused MFC to "borrow" money from investors in exchange for promised returns, and to repay the loans and the promised returns mostly with funds borrowed from subsequent investors. Eventually, the scheme collapsed.

In an effort to gather funds for the estate, the trustee filed about 37 adversary cases and engaged in extensive litigation to collect preferential and fraudulent payments. Based on his amended final report, filed on February 14, 2019,[2] the trustee recovered the gross amount of $14,437,299.18. From this amount, the trustee, in his amended final application for compensation, is requesting a total compensation award of $456,383.31[3] and reimbursement for expenses of $2,836.54, plus Hawaii's general excise tax assessed against the compensation request of $21,506.36.

The Office of the U.S. Trustee ("OUST") filed a limited objection to the trustee's final fee application.[4] The OUST opposes the award of $36.54, in excess of

---

[1] *United States v. Kimura*, Case No. 10-CR-00890 (D. Haw.).

[2] Dkt. 990.

[3] The final application sought fees of $456,419.85 (Dkt. 987) but the trustee concedes that this amount is incorrect and the correct amount should be $456,383.31. (Dkts. 989 & 991) The fee amount of $456,383.31 includes compensation the trustee received in the amount of $155,881.21 for fees and $1,047.38 in expenses based on interim orders entered as follows: 1) January 12, 2015, of $37,209.90 in fees and $37.55 in expenses (Dkt. 659); January 10, 2014, of $67,491.31 in fees and $1,009.83 in expenses (Dkt. 566); and April 8, 2011, of $51,180.00 in fees and $0.00 in expenses (Dkt. 161).

[4] Dkt. 988.

U.S. Bankruptcy Court - Hawaii   #10-00235   Dkt # 996   Filed  04/01/19   Page 2 of 7

the statutory fee cap ($456,419.85 - $456,383.31). The OUST also objects to the request that the bankruptcy estate pay for the trustee's Hawaii general excise tax of $21,506.36, to the extent that it also exceeds the statutory cap.

Pursuant to LBR 9072-1(5), the court will exercise its discretion and decide the trustee's amended final application for compensation without a hearing. (This moots the trustee's motion requesting a status conference on the final fee application.)

## II. Discussion.

In Hawaii, the general excise tax applies to "all levels of economic activity from production or manufacturing to retailing, . . . , and to virtually all goods and services."[5] Hawaii's general excise tax statute provides as follows:

> There is hereby levied and shall be assessed and collected annually privilege taxes against persons on account of their business and other activities in the State measured by the application of rates against values of products, gross proceeds of sales, or gross income, . . ..[6]

This tax applies across the board with only a few exemptions.[7] There are nine subsections to the statute but the catch-all provision can be found in subsection (9), which states:

> (9) Tax on other business. Upon every person engaging or continuing within the State in any business, trade, activity, occupation, or calling

---

[5] *Matter of Tax Appeal of Cent. Union Church Arcadia Ret. Residence*, 63 Haw. 199, 202 (1981).

[6] Haw. Rev. Stat. § 237-13.

[7] *Id.* at 202-03.

U.S. Bankruptcy Court - Hawaii   #10-00235   Dkt # 996   Filed  04/01/19   Page 3 of 7

not included in the preceding paragraphs or any other provisions of this chapter, there is likewise hereby levied and shall be assessed and collected, a tax equal to four per cent of the gross income thereof. In addition, the rate prescribed by this paragraph shall apply to a business taxable under one or more of the preceding paragraphs or other provisions of this chapter, as to any gross income thereof not taxed thereunder as gross income or gross proceeds of sales or by taxing an equivalent value of products, unless specifically exempted.[8]

Hawaii's general excise tax is for the privilege of doing business in Hawaii.[9] A bankruptcy trustee is considered a person engaged in a business, for himself, within the meaning of Hawaii's general excise tax law and the trustee's compensation represents taxable gross income.[10]

In Hawaii, a taxpayer can shift the economic burden of the general excise tax and pass it on to consumers.

> Hawaii's General Excise Tax Law does not prohibit the pass-on of that tax from the seller to the buyer. The pass-on can be made either visibly as an additional item added on to the sale price or may be included in the sale price without separate identification. The matter of the "visible pass-on" of the tax is entirely a matter of contractual agreement between the seller and the buyer. (See General Excise Tax Memorandum No. 4 (Hawaii, July 5, 1957)).[11]

---

[8] Haw. Rev. Stat. § 237-13(9).

[9] *Tax Appeal of Subway Real Estate Corp. v. Director of Taxation, State of Haw.*, 110 Haw. 25, 32 (2006)(citation omitted).

[10] *In re Guntzer*, 52 Haw. 56, 57-58 (1970).

[11] State of Hawaii, Dep't of the Att'y Gen., Opinion No. 65-13 on Prohibition Against Pass-On of General Excise Tax (Apr. 21, 1965), http://files.hawaii.gov/tax/legal/agop/1960_69/OP65-13.PDF

When the seller visibly passes on the general excise tax in the purchase price, the consumer has the power to decide whether to pay or not to pay.[12] A contractual agreement is made when the consumer accepts the visible pass-on of the general excise tax.[13]

> The amount of the "visible pass on" is a separate part of the price charged by the seller. Therefore, customers must be apprised of the seller's intention to add the tax at the time the price of the merchandise or service is quoted. We have repeatedly advised that where it is the intention of the seller of either merchandise or services to add the tax as a separate item, such intention should be prominently noted and be thoroughly understood before the purchase is consummated.[14]

In this case, there is no contract for the pass-on of the Hawaii general excise tax between the trustee and the bankruptcy estate. The trustee's entitlement to compensation is based on the Bankruptcy Code, not a contract. The closest thing to a contract, regarding the general excise tax, is Hawaii's local bankruptcy rules. The applicable rule states as follows:

> A trustee may seek court approval of a final application for compensation by including the request in the trustee's final report. The trustee may include in a compensation request an amount attributable to liability for privilege or excise tax, such as the State of Hawaii General Excise Tax, to the extent that the total compensation request does not exceed the

---

[12] *In re Anderson*, 593 B.R. 793, 794 (Bankr. D. Haw. 2018).

[13] *Id.*

[14] State of Hawaii, Dep't of Taxation, General Excise Tax Memorandum No. 4 (Mar. 3, 1995), http://files.hawaii.gov/tax/legal/memorandums/gemem-04.pdf

U.S. Bankruptcy Court - Hawaii   #10-00235   Dkt # 996   Filed  04/01/19   Page 5 of 7

statutory limitation of § 326(a).[15]

Our local rule makes it clear that the trustee may pass-on the general excise tax, in a fee application, only if the trustee has not maximized the statutory cap on commissions. The trustee does not challenge the validity of the local rule.

## III. Conclusion.

The chapter 7 trustee and his counsel are to be commended for their hard work and diligence. Because of their excellent work, the creditors in this case, many of whom were elderly and who lost their limited retirement savings, will receive an exceptionally high rate of return (100% of principal and about 81% of promised returns). Such a return is virtually unheard of in a Ponzi scheme case. If it were legally permissible, I would happily award the trustee compensation, at an hourly rate, in a higher amount ($541,612.50 for 1,731.05 hours of work). However, the trustee is limited to the statutory cap; the Bankruptcy Code is clear that no ad hoc exceptions are allowed. Therefore, the trustee is allowed compensation in the amount of $456,383.31, which is the maximum amount based on the statutory cap. The trustee's request for reimbursement of the Hawaii general excise tax, in the amount of $21,506.36, exceeds the statutory cap and is therefore DENIED. The request for reimbursement of the trustee's general expenses, in the amount of $2,836.54 ($24,342.90 - $21,506.36), is GRANTED.

---

[15] LBR 2016-1(e).

U.S. Bankruptcy Court - Hawaii   #10-00235   Dkt # 996   Filed  04/01/19   Page 6 of 7

The Office of the U.S. Trustee is to submit an order consistent with this decision.

## END OF MEMORANDUM DECISION

7